Coecock, J.
It seems to be impossible to lay down any rule on this subject which will be intelligible. In Bnrden & M'Elhenny, 2 N. & M. 60. the opinion commences in these words “ I think it is high time this question was at rest. I lay it down that abare acknowledgement of a subsisting debt, is sufficient to take a case out of the statute of Imitations;” and 1 *553 think the decisions of the court have been uniformly in support of this position. In the case referred to, the authorities are examined and commented on. And in the case of Boyd vs. Carmichael, it is said a “ clear and explicit acknowledgeme t of the debt, will take it from, the operation oj the statute.” (2 JV*. & Jlf’C. 62.)
Now what is the report of the present judge in this case? “ A witness presented the note to the defendant, who said, that the note had not been paid, and that he would not pay it, unless compelled by law, as it was out of date, and he had received no consideration for it.” Now it is impossible bj any other words to convey more distinctly that this was a subsisting debt. This, to be sure, is not a promise to pay; but that is unnecessary, it is so distinctly stated in all the late cases. If the existence of the debt be acknowledged, there i§ a legal promise to pay, and the debt is not barred by the statute.
JBullard and Holmes for the motion.
Carter contra.